UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

EDUARDO MAGALLON,                 )   No. CV 11-07053-CAS (VBK)
                                  )
                 Plaintiff,       )   ORDER RE DISMISSAL OF COMPLAINT
                                  )   WITH LEAVE TO AMEND
     v.                           )
                                  )
VENTURA COUNTY SHERIFF'S          )
DEPARTMENT, et al.,               )
                                  )
                 Defendants.      )
_____ )

     <u>Pro</u> <u>se</u> prisoner Eduardo Magallon (hereinafter referred to as "Plaintiff") filed a civil rights Complaint pursuant to 42 U.S.C. §1983 in the United States District Court for the Central District of California on August 31, 2011 pursuant to the Court's Order re Leave to File Action Without Prepayment of Full Filing Fee.

## **BACKGROUND**

     Plaintiff alleges that Defendants Ventura County Sheriff's Department, Sheriff Dean, Deputy Reyerson and Deputy Clark have violated his civil rights. (<u>See</u> Complaint at 2-3.) Specifically, Plaintiff alleges that on April 18, 2011 through April 25, 2011, while Plaintiff was housed at the Ventura County Jail, the following

occurred: (1) Defendants failed to provide Plaintiff with his three phone calls; (2) Defendants performed a full naked body search; (3) Defendants fed Plaintiff a dietary tray (meat loaf) in segregation without medical clearance; (4) Plaintiff was beaten physically, mentally and emotionally without provocation; (5) Plaintiff was denied medical attention; (6) Plaintiff asked for a mattress, blanket and sheets but was told he had to "earn it;" (7) Plaintiff was refused grievance forms; and (8) Defendants used color of authority (Eighth Amendment) cruel and unusual punishment. (Complaint at 5.)

Plaintiff alleges that Defendant Deputy Reyerson denied Plaintiff phone calls and beat Plaintiff while handcuffed and denied Plaintiff medical attention.  Plaintiff alleges that Defendant Ventura County Sheriff's Department denied Plaintiff his right to phone calls, performed a naked search, fed Plaintiff a dietary tray without medical clearance and physically, mentally, verbally and emotionally abused Plaintiff.  Plaintiff alleges that Defendant Deputy Clark refused Plaintiff medical attention, and refused to give Plaintiff a grievance form. (Complaint at 5.)

Plaintiff seeks monetary compensation and return of his property. (Complaint at 6.)


**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing."  Pursuant to 28 U.S.C. §1915(e)(2), the district court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a

1   Defendant immune from such relief.  28 U.S.C. §1915(e)(2)(B) (re: all

2   in forma pauperis complaints).

3        A complaint may also be dismissed for lack of subject matter

4   jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  <u>Neitzke v.</u>

5   <u>Williams</u>, 490 U.S. 319, 327 n. 6, 109 S. Ct. 1827 (1989) (unanimous

6   decision) (patently insubstantial complaint may be dismissed under

7   Rule 12(b)(1) for lack of subject matter jurisdiction.  "Whenever it

8   appears by suggestion of the parties or otherwise that the court lacks

9   jurisdiction of the subject matter, the court <u>shall</u> dismiss the

10  action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  A challenge to

11  the Court's subject matter jurisdiction can be raised at any time,

12  including <u>sua sponte</u> by the Court.  <u>Emrich v. Touche Ross and Co.</u>, 846

13  F.2d 1190, 1194 n. 2. (9th Cir. 1988).

14       "To survive a motion to dismiss, a complaint must contain

15  sufficient factual matter, accepted as true, to 'state a claim to

16  relief that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949

17  (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility

18  when the plaintiff pleads factual content that allows the Court to

19  draw the reasonable inference that the defendant is liable for the

20  misconduct alleged."  <u>Iqbal</u>, 129 S.Ct. 1937, 1949, 172 L.Ed.2d 868

21  (2009)(citing <u>Twombly</u>, 550 U.S. at 556.)  "The plausibility standard

22  is not akin to a 'probability requirement,' but it asks for more than

23  a sheer possibility that a defendant acted unlawfully." (<u>Id</u>.)

24  Although a complaint need not include "'detailed factual allegations,'

25  ... [a] pleading that offers 'labels and conclusions' or 'a formulaic

26  recitation of the elements of the cause of action will not do.'"

27  <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555.  The

28  Complaint must contain "factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (<u>Id</u>. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. 1955 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In civil rights cases in which the Plaintiff appears <u>pro se</u>, the pleadings must be construed liberally, so as to afford the Plaintiff the benefit of any doubt as to the potential validity of the claims asserted. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A <u>pro se</u> litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. <u>Lopez</u>, 203 F.3d at 1130-31; <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1998); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987). A <u>pro se</u> litigant must follow the Rules of Procedure like any other litigant. <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir.), <u>cert. denied</u>, 516 U.S. 838 (1995).

The preferred practice of pleading is to state various claims for relief in separate counts. <u>Haynes v. Anderson & Strudwick, Inc.</u>, 508 F.Supp. 1303, 1307 n.1 (E.D. VA. 1981). Thus, for example, in a civil

4

rights action, each alleged constitutional deprivation should be pled as a separate claim. <u>Pryor v. Cajda</u>, 662 F.Supp. 1114, 1115 (N.D. Illinois 1987). The purpose of this requirement is to clarify the issues that will be addressed in the ensuing litigation. <u>O'Donnell v. Elgin, J & E Ry. Co.</u>, 338 U.S. 384, 392 (1949); <u>Williamson v. Columbia Gas & Electric Corp.</u>, 186 F.2d 464, 469 (3d Cir. 1950), <u>cert. denied</u>, 341 U.S. 921 (1951). Grouping different claims together results in muddled pleadings, <u>Pryor</u>, 662 F.Supp. at 1114, and places the unnecessary burden on the Court and the defendants to decipher which facts support which claims. <u>Haynes</u>, 508 F.Supp. at 1307 n.1.

### A. **Federal Rule of Civil Procedure 8(a)**.

Any complaint filed in this Court must contain (1) "a short and plain statement of the grounds upon the Court's jurisdiction depends" and (2) "a short and plain statement of the claim" showing that the Plaintiff is entitled to relief. <u>Fed. R. Civ. P., Rule 8(a)</u>. "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

### DISCUSSION

For all of the following reasons, the Complaint should be dismissed with leave to amend.

### A. **Section 1983 Pleading Requirements**.

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law

1    at the time the complained of acts were committed; and (2) the

2    defendants' conduct deprived plaintiff of rights, privileges, or

3    immunities secured by the Constitution or laws of the United States.

4    See, Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied,

5    522 U.S. 996, 118 S.Ct. 559 (1997); Karim-Panahi v. Los Angeles Police

6    Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d

7    1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020

8    (1986).   Liability under section 1983 is predicated upon an

9    affirmative link or connection between the defendants' actions and the

10   claimed deprivations.   See Rizzo v. Goode, 423 U.S. 362, 372-73, 96

11   S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

12   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13       A person deprives another of a constitutional right,

14       where that person "does an affirmative act, participates in

15       another's affirmative acts, or omits to perform an act which

16       [that person] is legally required to do that causes the

17       deprivation of which complaint is made." [citation]  Indeed,

18       the "requisite causal connection can be established not only

19       by some kind of direct personal participation in the

20       deprivation, but also by setting in motion a series of acts

21       by others which the actor knows or reasonably should know

22       would cause others to inflict the constitutional injury."

23       Johnson v. Duffy, 588 F.2d at 743-44.

24

25       B.   **Plaintiff Is Granted Leave To Amend To State An Eighth**

26            **Amendment Claim Concerning his Medical Care**.

27   Plaintiff alleges Defendants violated his Eighth Amendment rights

28   and were deliberately indifferent towards his medical care and

6

treatment. "Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoner." Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). Deliberate indifference occurs when prison officials deny, delay or intentionally interfere with medical treatment or in the way in which prison officials provide medical care. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Hunt v. Dental Dept., 865 F.2d 198 (9th Cir. 1989).   Deliberate indifference may also be shown by a prison official's attitude and conduct in response to a prisoner's serious medical needs.   Helling v. McKinney, 509 U.S. 25, 32-33, 113 S.Ct. 2475 (1993); Estelle, 429 U.S. at 104-05.

To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant official acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321 (1991).   The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." Johnson, 134 F.3d at 1398 (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)).

The courts have recognized that deliberate indifference to serious medical needs may be manifested in two ways: "It may appear when prison officials deny, delay or intentionally interfere with

medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1998)(citing Estelle v. Gamble, 429 U.S. at 105).  In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.), cert. denied, 519 U.S. 1029 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment.  Broughton v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980).  A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under §1983.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970).

Plaintiff must set forth with particularity, specific facts demonstrating each individual Defendant's "deliberate indifference" to Plaintiff's medical condition.  Plaintiff should state what acts that each individual Defendant did or failed to do to with respect to Plaintiff's medical care.  Plaintiff may not simply claim that he has been denied adequate medical care and then list individual Defendants. In order to hold an individual Defendant liable, Plaintiff must name the individual Defendant, describe where that Defendant is employed and in what capacity, and explain how that Defendant acted under color of state law.  Plaintiff has not alleged facts showing that individual Defendants were deliberately indifferent to his serious

1  medical needs.

2

3      **C.   Plaintiff's Excessive Force Claim Is Dismissed with Leave to**

4           **Amend**.

5      Plaintiff alleges that he was beaten physically, mentally and

6  emotionally without provocation. (Complaint at 5.)   A plaintiff,

7  however, "must allege facts, not simply conclusions, that show that an

8  individual was personally involved in the deprivation of his civil

9  rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998),

10 cert. denied, 525 U.S. 1154, 119 S.Ct. 1058 (1999); see Iqbal, 129

11 S.Ct. at 1950 (stating that a complaint must contain more than legal

12 conclusions to withstand dismissal for failure to state a claim).

13 With an Eighth Amendment excessive force claim, the "core judicial

14 inquiry" is "whether force is applied in a good faith effort to

15 maintain or restore discipline, or maliciously and sadistically to

16 cause harm." Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175, 1178

17 (2010)(per curiam)(quoting Hudson v. McMillan, 503 U.S. 1, 7, 112

18 S.Ct. 995 (1992)).

19     Plaintiff is granted leave to allege non-conclusory facts

20 explaining what each Defendant did or failed to do that amounts to the

21 use of excessive force in violation of the Eighth Amendment.

22

23     **D.   Supervisory Liability**.

24     Plaintiff names Sheriff Dean as a defendant in this action.

25 Supervisory personnel generally are not liable under 42 U.S.C. §1983

26 on any theory of respondeat superior or vicarious liability in the

27 absence of a state law imposing such liability.  See Redman v. County

28 of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991), cert. denied,

502 U.S. 1074 (1992).  A supervisory official may be liable under §1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Id. at 1446-1447.  To premise a supervisor's alleged liability on a policy promulgated by the supervisor, the plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation.  See, e.g., City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). A "failure to train" theory can be the basis for a supervisor's liability under §1983 in only limited circumstances.  See City of Canton, 489 U.S. at 387-90 (liability only where failure to train amounts to deliberate indifference).

### E. Plaintiff's Harassment Claim Fails to State a Claim Under 42 U.S.C. §1983.

Plaintiff alleges that Defendants verbally harassed him.  Such allegations of harassment, even as made to deny Plaintiff access to the grievance procedure, do not state a claim under the Constitution. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). See also Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997)(abusive language directed at inmate's ethnic background held insufficient to raise constitutional claim); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), affirmed sub nom. Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483 (1983); Keenan v. Hall, 83 F.3d 1083,

1   1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir.

2   1998)(disrespectful and assaultive comments by prison guard not enough

3   to implicate Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136,

4   139 (9th Cir. 1987)(directing vulgar language at prisoner does not

5   state constitutional claim). See also Corales v. Bennett, 567 F.3d

6   554, 564-65 (9th Cir. 2009). Accordingly, Plaintiff's claims of verbal

7   harassment or threats are dismissed without leave to amend.

8

9       **F.   Plaintiff Fails to State A Claim Based on the Deprivation of**

10          **His Property**.

11      Plaintiff alleges that Defendants failed to return to Plaintiff

12   his property that was confiscated at the time of his booking at jail.

13   The Due Process Clause protects prisoners from being deprived of

14   property without due process of law, Wolff v. McDonald, 418 U.S. 539,

15   556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in

16   their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir.

17   1974). However, "[a]n unauthorized intentional deprivation of property

18   by a state employee does not constitute a violation of the procedural

19   requirements of the Due Process Clause of the Fourteenth Amendment if

20   a meaningful post-deprivation remedy for the loss is available."

21   Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Parratt v.

22   Taylor, 451 U.S. 527, 541-44, 101 S.Ct. 1908 (1981), overruled on

23   other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662

24   (1986)(a deprivation of property allegedly caused by a state employee

25   does not constitute a valid §1983 constitutional claim if the state

26   provides other adequate post-deprivation remedies). The Ninth Circuit

27   has held that California law provides an adequate post-deprivation

28   remedy for property deprivations caused by public officials. Barnett

v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); see Cal. Gov't. Code §§810-997.6.   It is immaterial whether or not Plaintiff succeeds in redressing his loss through the available state remedies; it is the existence of these alternate remedies that bars him from pursuing a §1983 procedural due process claim.   Willoughby v. Luster, 717 F.Supp. 1439, 1443 (D. Nev. 1989).   For these reasons, Plaintiff's allegations do not support a claim under §1983 based on the loss of his personal property.

**G.**   **Plaintiff Fails to State a Claim Based on the Processing of His Grievances**.

"An inmate has no due process rights regarding the proper handling of grievances."   Wise v. Washington State Department of Corrections, 244 Fed. Appx. 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282, 128 S.Ct. 1733 (2008).[1]   See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)("Inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1998)("There is no legitimate claim of entitlement to a grievance procedure.").   Thus, Plaintiff cannot state a claim based on the mishandling or denial of his grievances.

**CONCLUSION AND ORDER**

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above.   Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's

---

[1]   The Court may cite unpublished Ninth Circuit decisions issued on or after January 1, 2007.   United States Court of Appeals for the Ninth Circuit Rule 36-3(b); Fed.R.App.P. 32.1(a).

Complaint is dismissed with leave to amend; (2) the Court Clerk is directed to send Plaintiff a civil rights form utilized by the Central District of California; and (3) Plaintiff is granted 30 days from the date of this Order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original Complaint. Plaintiff may not add new parties without leave of the Court.  Failure to comply with the requirements set forth in this Order may result in a recommendation that this action be dismissed with prejudice.


DATED:  September 27, 2011                   /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE